**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor,           Plaintiff, <br><br> v. <br><br> **DELTA OIL COMPANY, INC. d/b/a MARATHON GAS STATION, STARV'N SAM CO. d/b/a BP GAS STATION, SHOUKINI ENTERPRISES, INC. d/b/a BP OIL, and MARIO ABRAHAM,** <br><br>           Defendants. | Civil Action No. <br><br> 1:11-cv-233 |

**COMPLAINT**

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Defendants Delta Oil Company, Inc. d/b/a Marathon Gas Station, Starv'n Sam Co. d/b/a BP Gas Station, Shoukini Enterprises, Inc. d/b/a BP Oil and Mario Abraham (collectively, "Defendants") from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 et seq.) (the "Act") pursuant to section 17 of the Act and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

**I.**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act.

**II.**

(a) Defendant Delta Oil Company, Inc. d/b/a Marathon Gas Station, at all times relevant to this proceeding, was an Ohio corporation having its main office within the jurisdiction of this Court in Cincinnati, Ohio where it is and was engaged in business as a gas station and convenience store;

(b) Defendant Starv'n Sam Co. d/b/a BP Gas Station, at all times relevant to this proceeding, was an Ohio corporation having its main office within the jurisdiction of this Court in Cincinnati, Ohio where it is and was engaged in business as a gas station and convenience store;

(c) Defendant Shoukini Enterprises, Inc. d/b/a BP Oil, at all times relevant to this proceeding, was an Ohio corporation having its main office within the jurisdiction of this Court in Cincinnati, Ohio where it was and will be engaged in business as a gas station and convenience store;

(d) Defendant Mario Abraham at all times relevant to this proceeding, was and is owner of the corporate defendants and acts and has acted directly or indirectly in their interests in relation to their employees, as an employer within the meaning of the Act.

**III.**

Defendants are and at all times hereinafter mentioned were engaged in the performance of related activities for a common business purpose, constituting an enterprise within the meaning of section 3(r) of the Act.

**IV.**

Defendants have been and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, having been and being an enterprise having an annual dollar volume in excess of $500,000.00 exclusive of excise taxes at the retail level and having had and having employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been produced for or moved in commerce.

**V.**

(a) Defendants have repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act by paying to many of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, wages at rates less than the applicable minimum wage.

(b) In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly violate the provisions of Sections 6 and 15(a)(2) of the Act by continuing to employ employees in interstate commerce and in the production of goods for interstate commerce, within the meaning of the Act or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, at rates less than the applicable minimum wage.

**VI**

(a) Defendants repeatedly and willfully violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees, who were engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.

(b) In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly violate the provisions of Sections 7 and 15(a)(2) of the Act by continuing to employ employees in interstate commerce and in the production of goods for interstate commerce, within the meaning of the Act

### VII.

Defendants, who are employers subject to the provisions of the Act, have repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that they have failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that the records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek.

### VIII.

During the period since April 23, 2008, Defendants have repeatedly and willfully violated the aforesaid provisions of the Act.  A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the Court

to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE,** cause having been shown, Plaintiff prays for a judgment against Defendants, appropriate as follows:

(a)  For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants and their agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act;

(b)  For an Order:

    (1)  Pursuant to section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due to Defendants' employees listed in the attached Exhibit A,

    (2)  Pursuant to section 17 enjoining and restraining Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid minimum wage and overtime compensation found to be due to Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621; and

(c) For an Order awarding Plaintiff the costs of this action; and

(d) For an Order granting such other and further relief as may be necessary or appropriate.

/s/Patrick L. DePace
PATRICK L. DEPACE
Trial Attorney
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-3874
(216) 522-7172 (facsimile)
Depace.patrick@dol.gov

OF COUNSEL:

BENJAMIN T. CHINNI
Associate Regional Solicitor

SANDRA B. KRAMER
Senior Trial Attorney

**EXHIBIT "A"**

**EMPLOYEE**
Donald Abney
Rabih Ammar
Mohammed Baddou
Mourad Ben Youssef
Muhammad Butt
Kraifa El Houcine
Manzoor Ellahi
Baboucar Ibrahim Faal
Karim Farrag
Mustafa Ghulam
Hassam Habli
Azhar Hussain
Ahmad Moudene
Charif Saleh
Zabilluh Tokhi
Ahmad Yazidi
Mahmoud Absi
Chaker Ben Hammami
Fouad El Haren
Ala Kishawi
Dineh Mazen
Khlifa Rah
Khalid Sager