`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

       Plaintiff,

       vs.

DELTA OIL COMPANY, INC. d/b/a
MARATHON GAS STATION,
STARV'N SAM CO. d/b/a  BP OIL,
and
MARIO ABRAHAM,

       Defendants.

Case No.: 1:11-cv-233

Weber, J.
Bowman, M.J.

**MEMORANDUM ORDER**

       Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor initialed this action to enjoin Defendants Delta Oil Company, Inc. d/b/a Marathon Gas Station, Starv'n Sam Co. d/b/a BP Gas Station, Shoukini Enterprises, Inc. d/b/a BP Oil and Mario Abraham (collectively, "Defendants") from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 et seq.) (the "Act") pursuant to section 17 of the Act and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.  (Doc. 1).

       This matter is now before the Court on a motion by Defendants to compel responses to its discovery requests.[1]  (Doc. 17).  Plaintiff has filed a memorandum in opposition and

---

[1]  Prior to filing formal discovery motions, the Court requires counsel to attempt to resolve discovery disputes by use of an informal discovery conference.  *See* S.D. Ohio Civ. R. 37.1.  *See also* Judge Bowman's Policies and Procedures, § D(2), http://www.ohsd.uscourts.gov/judges/jbowman.htm. Thus, when a discovery dispute arises, counsel shall first discuss and attempt to resolve the problem by agreement.  If counsel's efforts toward an amicable solution have failed, counsel should then request an informal telephone conference with the judicial officer assigned to supervise discovery in the case.  In the future, Counsel is advised to follow this procedure before filing a motion to compel with the Court.

Defendants have filed a reply.  (Docs. 23, 24).  The motion has been referred to the undersigned Magistrate Judge for disposition.  (*See* Doc. 19).

### I.  Background and Facts

The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., is a federal protective labor law that requires covered employers to comply with certain minimum wage, overtime, record keeping and child labor provisions.  The United States Department of Labor ("DOL") is responsible for enforcing the Act.  Specifically, Sections 9 and 11 of the Act, 29 U.S.C. §§ 209 and 211, authorize the Secretary of Labor ("Secretary") to conduct investigations of covered employers to determine whether they are in compliance with the Act.  The Secretary's Wage and Hour Division ("Wage and Hour") conducts these investigations and conducted such an investigation of Defendants.  (Doc. 23, Ex. 1).

Wage and Hour conducted an investigation of Defendants to determine whether it was in compliance with the provisions of the Act.  In the course of the investigation, the Wage and Hour investigator interviewed several of Defendants' employees.  As a result of the investigation, the Secretary initiated the instant action, alleging that Defendants, willfully violated the minimum wage, overtime, and recordkeeping requirements of the FLSA. (Doc. 1).  Based on Defendants alleged violation of the FLSA, the Secretary seeks to enjoin Defendants from violating the FLSA and from withholding back wages due employees for a three-year period.  The employees the Secretary alleges were improperly compensated in violation of the FLSA are identified in Exhibit A attached to the Complaint.  (Doc. 1, Ex. A).

On October 21, 2011, Defendants served their First Set of Interrogatories, Requests

for Production of Documents, and Requests for Admissions on Plaintiff.  (Doc. 17, Ex. A).

Defendants discovery requests sought, *inter alia*, to obtain the identities of the employees

who were interviewed by the DOL and copies of the statements they made to the

investigators.  On November 17, 2011, the Secretary provided responses to Defendants'

requests.  (Doc. 17, Ex. B).  The Secretary objected to certain interrogatories and

production requests aimed at the informer's identity and statements on the grounds that the

information and/or documents sought are protected from disclosure by the informer's

privilege.  However, the Secretary produced a copy of her official investigation file and

withheld documents that identifies or provides identifying information of persons who

provided confidential information to Wage and Hour during the investigation.

In addition, in response to Interrogatory Nos. 7, 8, and 10, the Secretary stated that

informants' statements are the only form of evidence in its possession that indicates the

Defendants failed to pay wages in accordance with federal law.  *Id.* at pp. 5-6.  The

Secretary also stated in response to Interrogatory Number 6 that it contends that all 23 of

the individuals listed in Exhibit A to the Complaint worked for the Defendants for more than

40 hours per week without being compensated for appropriate overtime wages. *Id.* at 5.

The Secretary also indicated that several of the individuals listed on Exhibit A acted as

informants, and that those informants stated that the other individuals listed on Exhibit A

were not paid overtime wages.  The Secretary, however, did not identify those individuals.

Defendants contacted the DOL in an effort to obtain the information requested and

resolve the discovery dispute.  Plaintiff refused to provide the requested information, but

provided a sample list of statements provided by employees.  The sample did not include

the full informant statements or identify which employees had made them.

Thereafter, Defendants filed the instant motion seeking an Order from the Court compelling Plaintiff to respond to the outstanding discovery requests, thereby identifying the employees interviewed by the DOL, their complete statements, and the DOL entire investigation file for this matter.  (Doc. 17).  Specifically, Defendants' motion seeks to compel complete responses to the following requests:

> **Interrogatory No. 12**: Identify by name, address and phone number, every individual who was interviewed as part of the DOL's investigation in the case;
>
> **Interrogatory No. 13**: Identify by name, address and phone number, every individual who allegedly told the DOL that Defendants were not paying overtime in accordance with the federal law;
>
> **Interrogatory No. 14**: Identify by name, phone number and address, every individual who allegedly told the DOL that Defendants were not paying minimum wage in accordance with federal law;
>
> **Request for Production No. 3**: Produce the DOL's entire investigation file for this matter;
>
> **Request for Production No. 4**: Produce copies of all statements taken from any witness during the course of the DOL's investigation.

(Doc.17, Ex. A).

Plaintiffs oppose the motion asserting that such information is protected by the "informants privilege."  Plaintiffs further assert that Defendants have not made the necessary showing to justify overriding the informer's privilege, therefore requiring the disclosure of the identities or statements of confidential informers who cooperated with the Secretary through the investigation.

## II. Analysis

### A. Applicable Law

What courts have termed the "informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Rovario v. United States*, 353 U.S. 53, 59 (1957).[2]  The privilege protects "employees with legitimate complaints, exercising their constitutional and statutory right to present their grievances to the government." *Brennan v. Engineered Prods. Inc.*, 506 F.2d 299, 302 (8th Cir. 1974). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement." *Rovario*, 353 U.S. at 59.  The government may invoke the privilege "to conceal the names of employees who precipitated the suit by filing complaints with the Department of Labor." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1072 (9th Cir. 2000).  The privilege "applies whether the [Department of Labor] solicited statements from an employee or the employee made a complaint to the [Department of Labor]." *Martin v. New York City Transit Auth.*, 148 F.R.D. 56, 63 (E.D.N.Y.1993) (citing Dole *v. Local 1942, International Bhd. of Elec. Workers, AFL–CIO*, 870 F.2d 368, 370–71 (7th Cir. 1989)).  The privilege applies to both current and former employees of a company whose workers have communicated with the Department of Labor.  *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 305–06 (5th Cir.1972).

The informer's privilege is not absolute. Its scope is "limited by the underlying purpose of the privilege as balanced against the fundamental requirements of fairness and

---

[2]  The Court notes that the Sixth Circuit has not applied the government informer privilege in the context of the Fair Labor Standards Act.

disclosure in the litigation process." *Id.* at 305. If the "disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged." *Rovario*, 353 U.S. at 60. Generally, in questions involving the privilege, "the interests to be balanced ... are the public's interest in efficient enforcement of the Act, the informer's right to be protected against possible retaliation, and the defendant's need to prepare for trial." *Charles Martin*, 459 F.2d at 305 (citing *Rovario,* 353 U.S. at 53).

Once the government asserts the informant's privilege, the opposing party bears the burden of showing a compelling need for the information sufficient to overcome the privilege. *United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990).

B. *Defendants motion to compel*

In this case, the Secretary has properly invoked the informant's privilege.[3] (Doc. 23, Ex. 1). Defendants, however, argue that the informant's privilege should not be applied and in this matter. As a result, Defendants assert that they are entitled to an Order compelling Plaintiff to reveal the identities of their informants and to produce the informants statements in response to Defendants discovery requests. Specifically, Defendants asserts that the statements made by the informants are the only evidence in support of the government's case, as such, these statements are "essential" to Defendant's preparation of their case. *See Rovario*, 353 U.S. at 60-61 ("Where the disclosure of an informer's identity, or of the

---

[3] Government privileges must satisfy "specific, formal requirements for proper invocation." *Martin v. Albany Business Journal*, 780 F.Supp. 927, 932 (N.D.N.Y 1992). There must be formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *United States. v. Reynolds*, 345 U.S. 1, 7-8 (1953). *Accord Chao v. Raceway Petroleum, Inc.,* 2008 WL 2064354, No. 06-3363, at *4 (D.N.J. May 14, 2008). Here, the Secretary has attached the Declaration of Nancy J. Leppink, the Deputy Administrator of the Wage and Division of the United States Department of Labor formerly invoking the informer's privilege with respect to her objections to Defendants' discovery requests. (Doc. 23, Ex. 1).

contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."). *See also Brennan v. Automatic Toll Systems*, 60 F.R.D. 195, 196 (S.D.N.Y.1973) (holding that the informant's privilege should give way to liberal discovery where defendant argued that the identities and statements were necessary "since its own records show[ed] that all employees ha[d] been properly paid.").

The Secretary, however, asserts that Defendants should not be permitted to overcome the protection of the informant's privilege to obtain information already within their possession.  The Secretary maintains that Defendants have knowledge of facts and access to persons with knowledge of facts that are relevant to this case.  The issues presented in this case are whether Defendants paid their employees properly and whether Defendants kept records as required by the FLSA.  Thus, as the owner and operator of the establishments, the Secretary contends that Defendants have knowledge of the hours worked each day, number of days worked each week, compensation methods (salary, hourly, tipped, cash, check), and whether they created and maintained proper records. Moreover, the Secretary asserts that Defendants could contact and depose the 23 individuals on Exhibit A to the Complaint.  Ultimately, the Government asserts that it only seeks to withhold the names, contact information, and other identifying information of those employees who cooperated with the investigation in order to protect them from possible retaliation.

Defendants contend that they have only been able to contact 5 of the 23 individuals listed on Exhibit A to the Complaint - and all five of whom categorically denied that they were owed money for overtime wages.  (Doc. 17, Ex. F - J).  Despite their best efforts,

Defendants have been unable to contact the remaining 18 individuals.  (Doc. 24, Ex. A, Affidavit of Mario Abraham).  Most of the individuals are no longer at their last known address and phone number and some of the individuals no longer live in the United States. *Id.*  Thus, Defendants maintain that they cannot prepare a defense in this case without the informants' contact information and statements.  Additionally, because these statements constitute the majority of the evidence in this matter, Defendants maintain that the informant' identities must be revealed at trial as there is no evidentiary basis for introducing their statements otherwise.

> *A.  Informant's Identities*

Defendants' Interrogatory Nos. 12, 13, & 14 seek to identify those individuals who provided statements to the DOL during the investigations. The identity of those who provided statements to the Department of Labor during an investigation is the quintessential information protected by the informer's privilege.  As discussed above, the informant's privilege covers both the identities of informants as well as statements given to or obtained by the DOL from claimants, employees, witnesses, and informants when the statements are obtained in the course of a DOL investigation.  The Court recognizes that the informant's privilege serves a significant public service encouraging citizens to report illegal activity.  On the other hand, the Court is also mindful of the Defendants need to prepare a defense in this matter.

Upon careful review, however, the Court is not persuaded by Defendant's argument that the identities of the informant's are "essential" to a fair determination of this case. *Rovario*, 353 U.S. at 60.  Here, the Secretary disclosed the names of Defendants' employees who, according to the Secretary, were not properly paid in violation of the FLSA.

However, she did not identify any of these 23 individuals as "informants."  In the context of privilege asserted in FLSA cases, several courts have found that the names of informers are irrelevant to whether the employer properly paid its employees and otherwise complied with the Act's requirements. *See Chao v. Westside Drywall, Inc.,* 254 F.R.D. 651, 660 (D. Or. 2009) (noting that "the names of informers are [often] irrelevant to whether the employer properly paid its employees and otherwise complied with the Act's requirements"); *Dole v. International Association Managers, Inc.,* 1991 WL 270194 at *2-4, (D. Ariz. 1991) (Neither the source and nature of any complaints to the Department nor the motivation of the complainants, however, is directly relevant to the merits of plaintiff's allegations.  Defendants remain free to obtain discovery, including taking the depositions of present and former employees concerning matters relevant to the allegations, such as the employee's status, hours worked and wages paid.)*; Donovan v. Fasgo, Inc.*, No. 81-0129, 1981 WL 2402, at *2 (E.D. Pa. Oct. 6, 1981) ("It is perfectly plain that the names of informers are utterly irrelevant to the issues to be tried by the trial court.  The question is whether, with respect to certain employees, the Act's requirements as to payment of hourly wages were violated.").  Courts also have been careful to guard the identity of informants by refusing to permit employers to obtain information that could allow the employer to determine which of its employees acted as informer.  *See Albany Business Journal*, 780 F. Supp. at 940-41 (declining to order production of statements of individuals identified by the Secretary as employees but not informants, because to do so "might reveal [the employee] as an informer").

Moreover, as the owner and operator of the establishments at issue, Defendants have knowledge of the hours worked each day, number of days worked each week,

compensation methods (salary, hourly, tipped, cash, check), and whether they created and maintained proper records.  *See Chao v. Raceway Petroleum, Inc.*, 2008 WL 2064354 (D.N.J. 2008) (The knowledge sought from Raceway's current and former employees-whether or not they worked overtime hours for which they were not compensated-is just as much within the knowledge of [Raceway] as it is within the knowledge of the [Raceway] workers).

Balancing the relevant factors, s*ee Rovario*, 353 US. 53, the undersigned finds that the Government's interest in protecting the identities of the informant's who were interviewed by DOL investigator outweighs the Defendants' need for such information at this stage in the litigation.  Accordingly, the undersigned finds that the informer's identities are protected by the informant's privilege and identifying the informer is not essential to this cause.[4]  Defendants' motion to compel is therefore **DENIED** with respect to Interrogatory Nos. 12, 13, & 14.

Notably, however, if Defendants' seek only the contact information for the individuals listed in Ex. A to the Complaint, the Court would be inclined to Order the production of such information to the extent that disclosing the contact information would not necessarily

_____

[4] Defendants' further argue that the informants must be identified at some point to testify at trial in order to have the statements admitted under the evidentiary rules.  However, such a determination is to be left to the discretion of the district judge to whom this case will be tried. *See Herman v. Crescent Publishing Group, Inc.*, 2000 WL 1371311 (S.D.N.Y. 2000) (scope of the reference to magistrate judge limited to resolving two pending discovery disputes, the details of how and when that disclosure [of DOL informant's] will occur, and the extent to which it will incorporate the substance of witness statements, are best left to the discretion of the district judge before whom this case will be tried).  *See also See Charles Martin*, 459 F.2d at 307, (The defendant's access to employee statements [based on DOL investigation] for impeachment purposes is a matter to be handled by the district court at the pretrial stage of the proceedings);*Brennan*, 506 F.2d at 303 (The defendant's need for certain information is generally less weighty during the discovery phase, as opposed to the pre-trial stage of the proceedings).

identify those individuals who gave witness statements to the Department of Labor.  For example, if the Department of Labor only had contact information for the former employees it had interviewed, then turning over the list of employees in Ex. A with known addresses would tend to identify employees who had spoken with the Department.  However, if the list revealed no such correlation, the information could be produced.  *See Solis v. New China Buffet No. 8, Inc.*, No. 5:1-cv-78, 2011 WL 2610296 (M.D. Ga. July 1, 2011) (ordering production of contact information of employees at issue in a FLSA after an *in camera* inspection showed that "any risk that any possible differences in information might tend to disclose the identity of informers is far too speculative to trigger the protection of the informer's privilege.").

    *B. Informant's Statements*

    Defendants' Requests for Production Nos. 3 and 4 seek "the DOL's entire investigation file for this matter" and "copies of all statements taken from any witness during the course of the DOL's investigation."  (Doc. 17, Ex. A).  As noted above, in response to Defendants discovery requests, the Secretary produced a copy of her official investigation file and withheld documents that identifies or provides identifying information of persons who provided confidential information to Wage and Hour during the investigation.  Furthermore, in an effort to resolve this discovery dispute, the Secretary produced a sample list of statements provided by employees.  However, the sample did not include the full informant statements or identify which employees had made them.

    As detailed above, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged.  *Rovario*, 353 U.S. at 60.  Accordingly, to the extent that documents responsive to Defendant Requests for

-11-

Production Nos. 3 and 4 have not been previously produced, the undersigned finds that the Secretary must produce her investigation file and copies of all statements taken by DOL investigators **with all identifying information of persons who provided protected information redacted**. *See Reich v. Great Lakes Collection Bureau, Inc.* 172 F.R.D. 58, 62 (W.D.N.Y 1997) (Court directed Secretary of Labor to produce this document to defendant with the names of the individual employees [interviewed by the DOL in connection with that FLSA claim] redacted). Defendants' motion to compel is **GRANTED** in this regard.

### III. Conclusion

Based on the foregoing, it is herein **ORDERED** that Defendants' motion to compel is **GRANTED in part and DENIED in part** consistent with the terms of this Order.

**IT IS SO ORDERED.**

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge